JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zokhidjon Bakhromov Abduvayit Ugli, | No. CV-26-01564-PHX-SPL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, | |
| Respondent. | |

Petitioner brings a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner challenges his present immigration detention.  The Court will deny the Petition.

On February 19, 2026, an Immigration Judge denied Petitioner's request for bond, finding that Petitioner failed to demonstrate he is not a flight risk.  (*Id.* at 2.)  Petitioner "challenges this determination and asks the Court to review the legality of his continued detention." (*Id.*)  Petitioner contends that his continued detention is "unnecessary because less restrictive alternatives exist that would reasonably ensure his appearance at future proceedings," and detaining him without release under reasonable conditions violates his right to due process under the Fifth Amendment because he does not pose a danger to the community and is not a flight risk.  Petitioner asks the Court to order an immediate bond hearing before an Immigration Judge or order his release under reasonable conditions of supervision.

Although a district court has jurisdiction to review mixed questions of law and fact,

it must be careful not to encroach upon "the IJ's discretionary weighing of the evidence." *Slim v. Nielson*, No. 18-CV-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review.") (citing 8 U.S.C. § 1226(e)). Accordingly, where a habeas petitioner "asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1139 (N.D. Cal. 2017). But § 1226(e) does not bar courts from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008); *see also Sales*, 323 F. Supp. 3d at 1141; *cf. Slim*, 2018 WL 4110551, at *5 (distinguishing between an unreviewable challenge to "the IJ's discretionary weighing of factors in reaching a bond determination" and permissible challenges to "whether the party bearing the burden of proof met the applicable quantum of evidence"). In reviewing the sufficiency of the evidence within the confines of § 1226(e), therefore, the question is not "whether this Court believes that the proof establishes, by clear and convincing evidence, that [the petitioner] is a danger to the community" or a flight risk. *Nguti v. Sessions*, No. 16-CV-6703, 2017 WL 5891328, at *3 (W.D.N.Y. Nov. 29, 2017). Rather, the Court must decide whether the IJ "relied upon proof that – as a matter of law – could not establish" that conclusion. *Id.*; *see also Judulang*, 562 F. Supp. 2d at 1127; *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004-05 (N.D. Cal. 2018) (dangerousness finding violated due process where IJ relied solely on evidence that did not support that conclusion).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 10th day of March, 2026.

Honorable Steven P. Logan
United States District Judge